UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LHF PRODUCTIONS, INC,

        Plaintiff,

        v.

DOE 1, *et al.*,

        Defendants.

Case No. C16-551 RSM

ORDER DENYING PLAINTIFF'S LCR 42 MOTION TO CONSOLIDATE CASES

This matter comes before the Court on Plaintiff LHF Productions, Inc.'s ("LHF") LCR 42 Motion to Consolidate Cases (Dkt. #71). For the reasons discussed herein, the Court DENIES LHF's motion.

On February 15, 2017, this Court granted in part and denied in part LHF's motion for default judgment against four named Defendants. *See* Dkt. #70. The Defendants were named in the same Amended Complaint because LHF alleged those Defendants were part of the same BitTorrent "swarm" that infringed a particular digital copy of the motion picture *London Has Fallen*. Dkt. #13 ¶¶ 1, 10, 35, 36, 41, 36. Aside from the Defendants named in this case, LHF filed sixteen other matters with the Court alleging the infringement of different digital copies of

ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE - 1

*London Has Fallen* by nearly two hundred other named defendants.[1]  Orders granting in part and denying in part LHF's motions for default judgment in nine of those other matters were also issued on February 15, 2017.[2]  Of the ten matters in which the Court issued orders granting in part and denying in part LHF's motions for default judgment, five were closed because of the issuance of the Court's orders.  Although LHF did not seek to consolidate any of its cases before the Court issued its orders, LHF now seeks to consolidate the ten matters in which the Court issued an order granting in part and denying in part LHF's motions for default judgment. LHF's request for consolidation appears motivated by its intent to appeal the Court's Orders in the ten matters.  *See* Dkt. #71 at 3-4.

Rule 42(a) of the Federal Rules of Civil Procedure permits courts to consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  This rule affords courts "broad discretion" to consolidate cases pending in the same district, either upon a party's motion or *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).  Courts "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984).  Additionally, Local Civil Rule 42(b) requires parties to meet and confer to "attempt to reach agreement regarding whether the cases should be consolidated and whether consolidation should extend through trial."

As an initial matter, the Court notes that LHF's Rule 42(a) request to consolidate Case Nos.  C16-552RSM,  C16-621RSM,  C16-623RSM,  C16-865RSM,  and  C16-1015RSM  is

---

[1]  *See* Case Nos. C16-552RSM, C16-621RSM, C16-623RSM, C16-731RSM, C16-864RSM, C16-865RSM, C16-1015RSM, C16-1017RSM, C16-1175RSM, C16-1089RSM, C16-1090RSM, C16-1273RSM, C16-1354RSM, C16-1588RSM, C16-1648RSM, and C17-254RSM.

[2]  *See* Case Nos. C16-552RSM at Dkt. #51, C16-621RSM at Dkt. # 39, C16-623RSM at Dkt. #83, C16-731RSM at Dkt. #87, C16-864RSM at Dkt. #76, C16-865RSM at Dkt. #72, C16-1015RSM at Dkt. #88, C16-1017RSM at Dkt. #78, and C16-1175RSM at Dkt. #73.

improper. As noted by this district, Rule 42(a) applies to actions pending before the Court. *Abels v. Skipworth*, No. C10-5033BHS, 2010 WL 2376230, *1 (W.D. Wash. June 9, 2010) (denying request to consolidate cases where one case was closed and no longer pending before the court). Because Case Nos. C16-552RSM, C16-621RSM, C16-623RSM, C16-865RSM, and C16-1015RSM were closed and a judgment by the Court was rendered in each matter on February 15, 2017, those matters were no longer pending before the Court when LHF filed its motion to consolidate on March 16, 2017. Consequently, Rule 42(a) does not apply to those matters, and LHF's request to consolidate Case Nos. C16-552RSM, C16-621RSM, C16-623RSM, C16-865RSM, and C16-1015RSM is DENIED.

While the ten matters LHF seeks to consolidate involve application of the same laws, they do not involve the same facts or the same defendants. On the contrary, it appears LHF filed seventeen matters for precisely that reason. In the amended complaints of the ten matters LHF now seeks to consolidate, LHF alleged the defendants in each matter were named in the same complaint because they allegedly infringed "the exact same unique copy" of *London Has Fallen* "within the same serious of transactions or occurrences . . . . " *See* Dkt. #13 ¶ 36. Consequently, although the named defendants in a particular matter allegedly infringed the same unique copy of *London Has Fallen* with each other, the dates, times, and copies of the movie allegedly infringed by the defendants in the separate matters is different. What's more, the Court notes the ten matters LHF seeks to consolidate are at different procedural postures. While five of the matters are closed[3], five remain open[4], and LHF has filed a Joint Status

---

[3] *See* Case Nos. C16-552RSM, C16-621RSM, C16-623RSM, C16-865RSM, and C16-1015RSM.

[4] *See* Case Nos. C16-551RSM, C16-731RSM, C16-864RSM, C16-1017RSM, and C16-1175RSM.

ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE - 3

Report indicating that it is ready to proceed to trial on one of these matters[5]. Consolidation of these cases now would not only prejudice the remaining defendants in the outstanding matters, it would also prejudice the defendants named in the closed matters.

Additionally, the Court notes that LHF failed to comply with Local Civil Rule 42(b)'s meet and confer requirement. LHF argues, without citing any authority, this requirement is moot in Case No. C16-864RSM because the last named defendant in that case has since been dismissed; LHF also argues this requirement is moot in Case No. C16-1017RSM because the named defendant in that matter is in default. Dkt. #71 at 4. Regarding Case Nos. C16-551RSM, C16-731RSM, and C16-1175RSM, LHF reasons the meet and confer requirement is moot because LHF could not reach the remaining named defendants in those matters. *Id*. The Court is not persuaded by LHF's arguments. With respect to Case Nos. C16-864RSM and C16-1017RSM, the Court does not agree the meet and confer requirement is moot. LHF cites no authority for this proposition, and the Court declines to adopt this stance. The Court also declines to render LCR 42(b)'s meet and confer requirement moot simply because LHF could not contact the remaining defendants in Case Nos. C16-551RSM, C16-731RSM, and C16-1175RSM. While the Court acknowledges that, in certain cases, good cause may be shown for a party's failure to comply with LCR 42(b), here LHF fails to identify the efforts it took to comply with this requirement.[6] LHF's failure to comply with LCR 42(b) thus further supports the Court's denial of LHF's motion to consolidate.

---

[5] *See* Case No. C16-731RSM, Dkt. #93.

[6] LHF's counsel, David Lowe, filed a declaration stating he has been unable to contact the remaining defendants in Case Nos. C16-551RSM, C16-731RSM, and C16-1175RSM. Dkt. #72. However, examination of that declaration's exhibit, as well as examination of Dkt. #69 in Case No. C16-551RSM, revealed that LHF's attempts to reach out to the remaining defendants in Case Nos. C16-551RSM and C16-731RSM were not related to the pending motion to consolidate.

In summary, the Court cannot consolidate five of the ten matters LHF seeks to consolidate because those matters are no longer pending before the Court and Rule 42(a) does not apply.  Regarding the five matters pending before the Court, the Court declines to consolidate those matters because they involve different facts and defendants, and because LHF failed to comply with Local Rule 42(b)'s meet and confer requirement.  Accordingly, LHF's LCR 42 Motion to Consolidate Cases (Dkt. #71) is DENIED.

        DATED this 14th day of April 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE